# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 6797 | **DATE** | 9/27/2002 |
| **CASE TITLE** | Dalmanic A. Simmons vs. John Ellena et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: We deny the summary judgment motion of defendants John Ellena, Symeon Brown, George Vickers, Darla Michel, Nicole Watkins, Anthony Robinson, Thomas Snyder, Duane Neff and Michael Appleton [154-1]**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 3 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | G·T. docketing deputy initials | 167 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DALMANIC A. SIMMONS, | ) | **DOCKETED** |
| Plaintiff, | ) | SEP 3 0 2002 |
| v. | ) No. 96 C 6797 | |
| JOHN ELLENA, SYMEON BROWN, | ) Wayne R. Andersen | |
| GEORGE VICKERS, DARLA | ) District Judge | |
| MICHEL, NICOLE WATKINS, | ) | |
| ANTHONY ROBINSON, THOMAS | ) | |
| SNYDER, DUANE NEFF and | ) | |
| MICHAEL APPLETON, | ) | |
| Defendants. | ) | |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of defendants John Ellena, Symeon Brown, George Vickers, Darla Michel, Nicole Watkins, Anthony Robinson, Thomas Snyder, Duane Neff and Michael Appleton for summary judgment pursuant to Fed.R.Civ.P. 56. For the following reasons, the motion is denied.

## BACKGROUND

On July 13, 1996 and August 18, 1996, Plaintiff was a prisoner in the custody of the Illinois Department of Corrections at the Stateville Correctional Center in Joliet, Illinois. Defendants are individuals who were employed at the Stateville Correctional Center at that time. Plaintiff's Second Amended Complaint is brought under Title 42 Section 1983 of the Civil Rights Act. Count I of the Second Amended Complaint alleges that Defendants Ellena and Brown used excessive force against Plaintiff when they allegedly assaulted Plaintiff on July 13, 1996 and August 18, 1996. Count II alleges that Defendants Vickers, Michel, Watkins,

Robinson, Snyder, Neff, and Appleton failed to intervene on July 13, 1996 and August 18, 1996 and that such failure constitutes a deliberate indifference to Plaintiff's safety and well being. Count III alleges that Defendants Ellena, Brown, Vickers, Robinson, Snyder, Neff and Appleton conspired to use excessive force against Plaintiff on August 18, 1996.

Defendants have filed answers and affirmative defenses to Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint. However, in their three Answers, Defendants did not raise the defense of Plaintiff's failure to exhaust administrative remedies. Now, approximately six years after Plaintiff filed his original Complaint and months prior to trial, Defendants have filed a Motion for Summary Judgment requesting judgment in their favor because Plaintiff failed to exhaust his administrative remedies regarding the July 13, 1996 incident ("July Incident").

## DISCUSSION

A party is entitled to summary judgment when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The Court will not render summary judgment if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The mere possibility of a factual dispute is not enough to defeat a summary judgment motion. *Id.* 250; *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Defendants argue that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C., Section 1997(e). This argument is rejected because Defendants waived the defense.

2

The Federal Rules of Civil Procedure require Defendants to plead affirmative defenses in response to a preceding pleading. Fed.R.Civ.P.8(c). The purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and an opportunity to contest it. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 2000), *citing Blonder-Tongue Labs. v. Univ. Of Illinois Found.*, 402 U.S. 313, 350, 91 S.Ct. 1434 (1971). The Seventh Circuit has treated the failure to raise affirmative defenses in a responsive pleading as a waiver of those defenses. *MCI Telecommunications Corporation v. Amen-Tel*, 852 F.Supp. 659, 666 (N.D.Ill. 1994), *citing Bank Leumi Le-Israel. B.M. v. Lee*, 928 F.2d 232, 235 (7th Cir. 1991). Therefore, the Court need not consider an affirmative defense raised for the first time in a Motion for Summary Judgment. *Telecommunications Corporation*, 852 F.Supp. at 666 (failure to plead affirmative defenses of estoppel and illegality until responding to summary judgment motion constitutes waiver of that defense).

A prisoner's failure to exhaust administrative remedies before filing a claim constitutes an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure. *Massey*, 196 F.3d at 735. Because failure to exhaust administrative remedies is an affirmative defense, Defendants have the burden of pleading and proving the defense. *Id.*

In this case, Defendants' Answers to Plaintiff's Complaint, First Amended Complaint and Second Amended Complaint do not mention Plaintiff's failure to exhaust his administrative remedies. Therefore, the defense is waived by Defendants. Moreover, the untimeliness of the defense greatly prejudices Plaintiff who has spent years pursuing his claim without notice of this particular defense. Almost six years has passed since Plaintiff filed his original Complaint, voluminous and costly discovery has taken place, and a trial date is scheduled.

For all of the foregoing reasons, Defendants' motion for summary judgment is denied.

## **CONCLUSION**

For the foregoing reasons, we deny the summary judgment motion of Defendants John Ellena, Symeon Brown, George Vickers, Darla Michel, Nicole Watkins, Anthony Robinson, Thomas Snyder, Duane Neff and Michael Appleton (# 154-1).

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: September 30, 2002